UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| BETTY J. DUMAS | ) | Bankruptcy No. 07 B 11984 |
|     Debtor. | ) | |
| | ) | |
| BETTY J. DUMAS | ) | |
|     Plaintiff, | ) | |
| v. | ) | Adversary No. 07 A 00380 |
| | ) | |
| SABRE GROUP | ) | |
|     Defendant. | ) | |
| | ) | |
| BETTY J. DUMAS | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Adversary No. 07 A 00620 |
| | ) | |
| SABRE GROUP, LLC | ) | |
|     Defendant. | ) | |

### MEMORANDUM OPINION ON MOTION OF SABRE GROUP LLC TO MODIFY STAY AND REMAND REMOVED TAX PROCEEDING

The law can sometimes be a cruel trap for the unwary. So it was here.

Pending in this Chapter 7 bankruptcy is the Motion of assignee of a tax purchaser ("tax purchaser") to modify the bankruptcy stay so it can obtain a tax deed. Also pending is Debtor's related removal of the state court tax proceeding and motion of tax purchaser to remand it. For reasons stated below, the Motion to Modify Stay will be allowed and the tax proceeding will be remanded.

## INTRODUCTION

Debtor obtained, evidently through inheritance, ownership of a piece of Illinois real estate improved with a single-family home in which she and her husband live and work at their small business. Debtor derived a portion of her income from renting a room in the home. The property was free and clear of any mortgage when Debtor obtained it, but Debtor fell on hard economic times. She lost the rental income due to a fire that damaged part of the property. She was awarded approximately $75,000 in a civil lawsuit in the Northern District of Illinois for discrimination in lending, but the defendant declared bankruptcy before Debtor recovered any money. She eventually fell behind on her real estate taxes and the property was sold for 2002 real estate taxes to Optimum Financial Inc., which then assigned the Certificate of Tax Sale to the movant, Sabre Group LLC ("Sabre"). Those taxes were purchased for about $900.

On May 7, 2007, Debtor filed her first bankruptcy case, which under 11 U.S.C. § 108(b) had the effect of extending her time to redeem from the tax sale for sixty days after the bankruptcy was filed. The pendency of that first bankruptcy case might well have given her time to redeem and save her home if it had continued. Unfortunately, the bankruptcy case was dismissed because she had not obtained a Certificate of Debtor Education specifically required by bankruptcy law before a debtor can file bankruptcy unless the debtor qualifies for an exemption. Debtor was *pro se* and did not know about the exemption. The bankruptcy judge in that first case had no choice when the U.S. Trustee, pursuant to his duty, moved for dismissal, and the first bankruptcy case was dismissed. Sabre argues that the dismissal ended the redemption extension under § 108(b).

On July 5, 2007, Debtor filed her second bankruptcy case, again without the requisite Certificate. The U.S. Trustee again moved to dismiss. But this time Debtor's husband had read up on the law, and helped her to assert an exemption to the requirement of a Certificate. After an evidentiary hearing, her exemption was allowed because of her dyslexic condition and the U.S. Trustee's motion was denied. No appeal was sought from that ruling. Debtor's case relies on the argument that the second filing triggered another sixty-day extension to redeem from the tax sale under §108(b). This argument assumes that her time to redeem had not already expired in the gap between dismissal of the first bankruptcy and filing of the second.

Debtor has since paid the full redemption amount to the Cook County Clerk, but Sabre does not want to collect it. Sabre wants to obtain good title to the residence free and clear of any mortgage in return for whatever it paid to Optimum for the tax purchase Certificate originally acquired for $900.

It is not the job of a judge to have a view of justice different from whatever the law requires. But when a home might be taken from a mentally challenged *pro se* debtor, because she lacked ability and knowledge to jump through required legal hoops, the judge should be very careful to at least make sure, if the law might require that result, that the case is in the appropriate court with complete authority to decide the issue.

A counsel volunteered under our *pro bono* system to represent Debtor on the issues presented here, so good arguments were made in an effort to help her. The Court is grateful for the worthy and thoughtful effort by Attorney Matthew M. Wawrzyn of the law firm Kirkland & Ellis LLP for contributing those services.

## **FINDINGS OF FACT**

The following Findings of Fact are made from undisputed parts of the record and evidence taken.

1.      On June 3, 2004, the property taxes for 3620 South Calumet Avenue, Chicago, Illinois were sold at the Cook County Treasurer's tax sale for $900.

2.      The statutory two-year redemption period expired on June 5, 2006 (June 3 fell on a Saturday). 35 ILCS 200/21-350.

3.      On December 11, 2006, Sabre filed its Petition for Tax Deed, which extended the period of redemption until May 9, 2007. (Pet. for Tax Deed ¶ 4.)

4.      On May 7, 2007, Debtor filed her first Chapter 7 bankruptcy petition. In re Betty J. Dumas, 07-B-08311 (Schwartz, J.). The period for redemption was extended until July 9, by virtue of 11 U.S.C. § 108(b)(2) (July 7 fell on a Saturday). In addition, Debtor filed a Notice of Removal of the tax deed proceeding to the bankruptcy court, Adversary proceeding No. 07-A-00380.

5.      On June 5, 2007, Judge Schwartz dismissed Debtor's first bankruptcy case for failure to obtain credit counseling. (Debtor did not assert any exemption to the requirement of credit counseling.)

6.      On July 5, 2007, Debtor filed her second Chapter 7 bankruptcy petition. In re Betty J. Dumas, 07-B-11984 (Schmetterer, J.). In addition, Debtor filed a second Notice of Removal of the tax deed proceeding to the bankruptcy court, Adversary proceeding No. 07-A-00620.

7.      The U.S. Trustee moved to dismiss Debtor's second Chapter 7 bankruptcy for failure of Debtor to obtain credit counseling. However, following hearing and by reason of evidence showing that Debtor's dyslexic condition entitled her to be exempt from credit counseling, without objection of the U.S. Trustee, her filing of credit counseling certificate was excused. 11 U.S.C. § 109(h)(4).

8.      An employee at the County Clerk of Cook County informed Dumas as early as August 21, 2007, that she could redeem up until September 3, 2007. (Transcript of Proceedings, August 21, 2007.)

9.      On September 4, 2007, Debtor obtained an Estimate of Redemption from the Cook County Clerk showing that the redemption date was "extended to September 4, 2007 by Affidavit of Purchaser." On the same day, Debtor paid the full redemption amount certified by the Clerk to be due ($13,195.92) to the Cook County Clerk.

10.     Additional statements of facts in the Conclusions of Law will stand as additional Findings of Fact.

## CONCLUSIONS OF LAW

Debtor has claimed that her property is worth $170,000. In most Chapter 7 bankruptcy cases where a valuable asset might be available to pay creditors, the Chapter 7 Trustee would be involved in a struggle for the asset. But here there are no creditors scheduled except Sabre, and the Chapter 7 Trustee has not sought to administer this asset. The Debtor's title still held by her can be viewed as property of her bankruptcy estate, but the Trustee has no interest in administering the property. If stay modification were denied to enable sale of Debtor's interest before she lost title in the tax proceeding, that would accomplish nothing. Any sale would be

subject to Sabre's claim of right to obtain a tax deed, a claim that must be decided. The property is likely not marketable so long as Sabre's claim for tax deed remains. For reasons set forth below, the stay should be modified and the tax proceeding remanded to a state court judge to decide the tax deed issue.

The substantive issues under Illinois law are governed by the Illinois Property Tax Code. 35 ILCS 200/1-1 *et seq.* Under Illinois law, taxes on real property constitute a lien. 35 ILCS 200/21-75. If the taxes are not paid, the county collector may sell the taxes to the highest bidder at a tax sale. 35 ILCS 200/21-190; See A.P. Properties, Inc. v. Goshinsky, 714 N.E.2d 519, 522 (Ill. 1999) (delineating the tax purchase process). After the taxes are sold the county's lien is extinguished and the tax buyer is given a tax certificate which entitles him or her to payment of the purchase price of the taxes plus an interest penalty. In re Milne, 185 B.R. 280, 281 n.2 (N.D. Ill. 1995). If the property owner does not redeem the taxes within the statutorily allowed period, the owner's interest in the property will be extinguished and the tax purchaser may obtain a tax deed on the property. 35 ILCS 200/22-40; In re Davenport, 268 B.R. 159, 165 (Bank. N.D. Ill. 2001). See also In re Winters, No. 93-7381, 1995 WL 453053, at *4 (N.D. Ill. July 28, 1995); In re Halas, 194 B.R. 605, 609 (Bankr. N.D. Ill. 1996) (Schmetterer, J.); In re Wells Props., Inc., 102 B.R. 685, 689-90 (Bankr. N.D. Ill. 1989) (Wedoff, J.) for discussion of the statutory scheme.

Following a tax sale, the effect of the owner filing bankruptcy is clear: "[W]hen a petition in bankruptcy is filed before the expiration of the applicable state redemption period, § 108(b) extends the redemption period for 60 days from the commencement of bankruptcy proceedings." Goldberg v. Tynan (In re Tynan), 773 F.2d 177, 179 (7th Cir. 1985). Furthermore, 11 U.S.C. § 362 does not toll the running of the redemption period under state law,

id. at 179-80, but requires the tax purchaser to seek to modify the automatic stay before petitioning for a tax deed.

After filing her first bankruptcy case, Debtor had sixty days to redeem from the tax sale provided she kept her first bankruptcy alive. She did not redeem before her first bankruptcy was dismissed. When Debtor's first bankruptcy was dismissed on June 5, she was returned to the legal position she occupied immediately before the commencement of her case. 11 U.S.C. § 349(b)(3). The second bankruptcy was filed after the redemption period expired. Thus, Debtor's argument that her second bankruptcy petition entitled her to another sixty-day extension under 11 U.S.C. § 108(b) is without merit. It has been held that "after the redemption period has expired, there is nothing that the debtor can do to prevent the purchaser from obtaining a deed to the property." In re Winters, 1995 WL 453053, at *5. Thus, courts usually have no discretion to depart from specific legislative requirements relating to redemption from tax sales. Dupuy v. Morse, 85 N.E.2d 187, 190 (Ill. App. Ct. 1949).

However, Illinois courts will exercise equitable discretion to relieve an owner from a deficient redemption based on the county clerk transmitting mistaken information about the amount necessary in order to redeem. Gage v. Scales, 100 Ill. 218 (Ill. 1881); see also In re Wells Props., Inc., 102 B.R. at 697. This is based on "the general, and often-expressed policy of Illinois law that 'redemption, although a statutory privilege and to be exercised in substantial compliance with the statute, is nevertheless looked upon with favor and unless injury is to result to the purchaser at the sale a liberal construction will be given redemption laws.'" Id. at 696-97 (citations omitted).

In this case, the Cook County Clerk allowed Debtor to redeem on September 4, perhaps with the understanding that another 60-day extension under 11 U.S.C. § 108(b) began to run with the filing of the second bankruptcy case. Sabre argues that the Clerk's mistake occurred after the period for redemption had already expired and, therefore, Debtor could not reasonably rely on it in tendering payment outside the redemption period. In In re Wells Props., Inc., an insufficient redemption amount was tendered on April 28, and the redemption period ended on May 1. Id. 102 B.R. at 688. There the court reasoned that the debtor would have tendered the correct amount by May 1, but for the clerk's error regarding the proper amount for redemption. In this case, Sabre argues that Debtor cannot argue that she would have timely redeemed but for the Cook County Clerk's error in issuing an Estimate of Redemption on September 4, 2007, because the statutory redemption period had already expired on June 7. Debtor argues that she was entitled to rely on the Clerk's issuing a certificate of redemption in September.

Sabre has also argued that the property never became property of the estate in the second bankruptcy case, because Debtor was divested of her legal and equitable interest when the redemption period expired, In re Halas, 194 B.R. at 612 (citing In re Lucille Jackson, 173 B.R. 637, 641 (Bankr. N.D. Ill. 1994) (citations omitted)), and, therefore, the automatic stay does not even apply.

In In re Wells Props., Inc., 102 B.R. at 691-92, Judge Wedoff analyzed whether the federal courts should abstain from deciding the adequacy of a redemption under state law. He reasoned that whether something was property of the estate and the validity of a lien against that property are core proceeding in bankruptcy and, therefore, not subject to mandatory abstention under 28 U.S.C. § 1334(c)(2). Permissive abstention is governed by 28 U.S.C. § 1334(c)(1),

which provides for abstention "in the interest of justice, or in the interest of comity with State courts or respect for State law." According to that opinion, "Courts have abstained pursuant to this provision in proceedings that raised novel or unsettled issues of state law, without raising significant issues of bankruptcy law. On the other hand, where there are significant bankruptcy law issues or where the state law involved is settled, courts have declined to abstain under Section 1334(c)(1)." In re Wells Props., Inc., 102 B.R. at 692.

Some Illinois courts have ruled that the redemption rights of a mortgagor are not lost if he makes a timely tender, notwithstanding that it is in an inadequate amount, where such inadequacy results from the mistake of a public officer who wrongfully informed the mortgagor as to the amount due. In re Application of County Treasurer, 171 Ill.App.3d 644, 121 Ill.Dec. 545, 525 N.E.2d 852, 854-55 (Ill. App. Ct. 1987). In addition, there is precedent to the effect that the official can waive the statutory conditions regarding the form of tender (i.e., personal check versus cash or certified funds) without affecting the owner's rights to tender in the correct form outside the redemption period. In re Application of Williamson County Collector, 470 N.E.2d 1193, 1194-95 (Ill. App. Ct. 1984). The Property Tax Code has been amended to require the person attempting to redeem to rely reasonably on the county clerk's error. 35 ILCS 200/22-45; In re County Collector, 742 N.E.2d 839, 842-43 (Ill. App. Ct. 2000).

In seeking equitable relief, this Debtor claims to be entitled to rely on the fact that the Cook County Clerk issued a certificate of redemption after expiration of the redemption period. This set of facts is not governed by settled Illinois law. Therefore, the removed Adversaries should be remanded so that the Illinois courts may decide the issue. Because the property cannot be sold and the Chapter 7 Trustee does not pursue any interest, and also because there are no

creditors other than Sabre, cause is shown for the automatic stay to be lifted and the tax proceedings remanded so that adequacy of the attempted redemption can be decided in state court. Moreover, Debtor' attorney has reported that on January 14, 2008, an Illinois court ordered Dumas to vacate her home based on alleged safety concerns and that the home is now in hands of a receiver. That is further cause to modify the stay was so Sabre can obtain a ruling on its claim for tax deed.

Under Illinois law, "a court may properly exercise its equitable powers and allow redemption even after the statutory period has expired in cases where redemption may have been precluded due to fraud or mistake on the part of the purchaser or public official." Phoenix Bond & Indemnity Co. v. FDIC (In re Rosewell), 498 N.E.2d 790, 794 (Ill. App. Ct. 1986). In Rosewell, the statutory redemption date was November 14, 1983. Id. at 792. In October 1983, however, the party with the right to redeem received notices stating both the correct redemption date and an incorrect redemption date, which the deputy county clerk mistakenly stated was February 15, 1984. The redeeming party relied on the incorrect notice, and redeemed by February 15, 1984. The trial court denied the tax purchaser's petition for tax deed, and the appellate court affirmed, holding in pertinent parts as follows:

> If [the redeeming party] is permitted to redeem the property, the county will not lose any tax revenue to which it is entitled since the taxes have already been paid. It has long been settled that Illinois law favors redemption and unless injury results to the purchaser at the sale, a liberal construction will be given to the redemption laws. And, the mere failure of a tax certificate holder to get a deed does not injure him, since the purchaser recovers the amount paid from the county. Moreover, the right of a purchaser to get a deed is subservient to the right of the owner or interested party in the property to redeem.

Id. at 794 (citations omitted).

As in <u>In re Rosewell</u>, a state court judge in the tax deed proceeding will hold plenary jurisdiction and may be able to exercise broad equitable powers so as to allow Dumas's September 4, 2007, redemption even if such redemption occurred after the statutory redemption date. Dumas was informed by an employee of the Cook County Clerk that she had until September 3, 2007 to redeem. She relied on that information, and redeemed on September 4, 2007, as September 3, 2007 was Labor Day and the Clerk's office was closed. Assuming the County Clerk supplied misinformation, under <u>In re Rosewell</u> such misinformation from a public official need not be the basis on which Dumas loses her home, especially when there would be no prejudice to the County, which received payment for the taxes at the auction, or to Sabre, which could receive the redemption amount from the County Clerk.

However, while a bankruptcy judge may exercise equitable powers under 11 U.S.C. § 105 to carry out purposes within core or related bankruptcy jurisdiction, that judge lacks the full general equitable powers of a state court judge. Specifically, a bankruptcy judge cannot use equitable tools available under § 105 to overrule explicit statutory language of another code section, such as the sixty-day extension in 11 U.S.C. § 108(b), or to alter property rights outside of nonbankruptcy law. <u>In re Ludlow Hosp. Soc., Inc.</u>, 124 F.3d 22, 27 (1st Cir. (Mass.) 1997). Therefore, while some equitable remedies are available here, this is not a court with full equity powers of the state judge.

Dumas stresses that <u>In re Rosewell</u> is simply one of her theories on which this Court could find her redemption timely. In addition, <u>In re Bates</u>, 270 B.R. 455, 467 (Bankr. N.D. Ill. 2001), held that, "As long as the redemption period has not expired prior to the bankruptcy filing, there is a claim that can be treated during the bankruptcy case – through sale of the

collateral in Chapter 7 or plan treatment in Chapter 13 – even though the redemption period expires during the pendency of the case." However, no sale is possible here, and Debtor's motion to convert to Chapter 13 was withdrawn.

Dumas's first bankruptcy case extended the redemption period to July 7, 2007, by operation of 11 U.S.C. § 108(b). Dumas argues that her second bankruptcy case further extended the redemption period to September 3, 2007, and therefore she could redeem on September 4, 2007, before the redemption period expired in the second case. Dumas also relies on In re Kasco, No. 06 B 16620 (Bankr. N.D. Ill. Nov. 8, 2007) (Hollis, J.) In Kasco, Judge Hollis followed, among other precedents, Bates and held that property owners could make a redemption payment through their chapter 13 plan because they filed a bankruptcy petition before the redemption expired. Therefore, under Bates, Dumas argues that she could redeem at any time during the second bankruptcy case because she filed each bankruptcy petition within the redemption period.

Both of these arguments assume that the extension from Debtor's first bankruptcy case stayed alive under § 108(b) even after her case was dismissed, and that she can benefit from another extension upon the filing of her second case. However, dismissal of a bankruptcy case ends all rights, protections, and duties that filing of the case brought into existence unless the statute specifically preserves them after dismissal. 11 U.S.C. § 349(b)(3). No statute preserved the extension after dismissal of Debtor's first case, so Debtor's argument under bankruptcy law must be rejected. Moreover, as noted Debtor did not (and probably could not) pursue conversion to Chapter 13, and the property is not presently marketable because of the cloud on title from the tax sale.

## CONCLUSION

Debtor's state law redemption period expired on June 7, 2007, two days after dismissal of her first bankruptcy case. She was not entitled to a second sixty-day extension under 11 U.S.C. § 108(b) at the time when she filed her second bankruptcy. Under Illinois law, however, courts are able, under limited circumstances, to exercise their equitable discretion in applying the Illinois Property Tax Code based on mistakes by the collecting clerk. There is no case law found holding that one of those mistakes that can be recognized is the issuing of a certificate of redemption after expiration of the statutory redemption period. This is an unsettled area of state law, and this Court should abstain under 28 U.S.C. § 1334(c)(1) from deciding the issue.

The automatic stay will be modified so that Sabre can proceed with its Petition for Tax Deed which will be remanded. Debtor can raise her redemption defense in that proceeding, and the state judge can exercise full equitable authority to resolve the issue under state law.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Entered this 7th day of March 2008.